In a claim to recover damages for personal injuries, etc., the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (Soto, J.), dated January 19, 2012, as, in effect, denied their letter application to direct the defendant to produce an adequate privilege log.
Ordered that on the Court’s own motion, the notice of appeal from the order dated January 19, 2012, is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the claimants’ letter application to direct the defendant to produce an adequate privilege log is granted, the defendant is directed to produce a privilege log in accordance with CPLR 3122 (b) and, thereafter, the Court of Claims shall review, in camera, the allegedly privileged documents and the privilege log.
Pursuant to CPLR 3122 (b), “[w]henever a person is required . . . to produce documents for inspection, and where such person withholds one or more documents that appear to be within the category of the documents required ... to be produced, such person shall give notice to the party seeking the production and inspection of the documents that one or more *821 such documents are being withheld. This notice shall indicate the legal ground for withholding each such document, and shall provide the following information as to each such document, unless the party withholding the document states that divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document.”
Here, the defendant did not comply with the requirements of CPLR 3122 (b), as it failed to identify the type of document being withheld, the general subject matter of each document, and the date of the document (see Matter of Subpoena Duces Tecum to Jane Doe, 99 NY2d 434, 442 [2003]; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 567 [2012]). Under the circumstances of this case, the appropriate remedy for the defendant’s failure to produce an adequate privilege log is to allow the defendant to produce an adequate privilege log and, thereafter, for the Court of Claims to review in camera the allegedly privileged documents, along with the privilege log (see Ural v Encompass Ins. Co. of Am., 97 AD3d at 567; cf. Anonymous v High School for Envtl. Studies, 32 AD3d 353, 359 [2006]).
Skelos, J.E, Leventhal, Chambers and Maltese, JJ., concur.
Motion by the respondent, inter alia, to dismiss an appeal from an order of the Court of Claims dated January 19, 2012, on the ground that the order did not decide a motion made on notice and, therefore, is not appealable as of right. By decision and order on motion of this Court dated April 8, 2013, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
Ordered that the branch of the motion which is to dismiss the appeal is denied.
Skelos, J.E, Leventhal, Chambers and Maltese, JJ., concur.