Kramer v Meridian Capital Group, LLC (2022 NY Slip Op 00414)





Kramer v Meridian Capital Group, LLC


2022 NY Slip Op 00414


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2018-12430
 (Index No. 501793/17)

[*1]David Kramer, appellant, 
v
Meridian Capital Group, LLC, et al., respondents.


Jacob Ginsburg, Esq., PLLC, Monsey, NY, for appellant.
Morrison Cohen, LLP, New York, NY (David B. Saxe, Y. David Scharf, and Terence K. McLaughlin of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 24, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint, and denied the plaintiff's motion to disqualify Morrison Cohen, LLP, as counsel for the defendants in this action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff alleges in the complaint that the defendants are mortgage brokers who represented Van Cortlandt Village, LLC (hereinafter the corporation), in negotiating the refinancing of a commercial mortgage loan. The plaintiff alleges that the defendants participated in a scheme, inter alia, to prevent the corporation and the lender from reaching an agreement on favorable refinancing terms, in order to facilitate a side deal for the sale of the underlying note to a third party. In November 2010, one of the defendants allegedly forged the signature of the plaintiff, in his capacity as a managing partner of the corporation, binding the corporation to a term sheet to refinance the loan in a manner which was contrary to the corporation's interests. The plaintiff alleges that he learned of the forgery in February 2011.
In 2012, after filing a voluntary petition for chapter 11 bankruptcy, the corporation commenced an adversary proceeding against, among others, the defendants in this action, seeking damages, inter alia, for breach of fiduciary duty based on their alleged fraudulent conduct in connection with the refinancing. The corporation's causes of action were subsequently assigned to a secured creditor pursuant to a plan of liquidation, which was confirmed by the Bankruptcy Court.
By summons and complaint dated January 27, 2017, the plaintiff commenced this action to recover damages for, among other things, fraudulent inducement, fraud in the factum, intentional infliction of emotional distress, and negligent infliction of emotional distress. After the plaintiff amended the complaint, the defendants moved, inter alia, pursuant to CPLR 3211(a)(1), (3), (5), and (7) to dismiss the amended complaint, contending that the plaintiff lacked standing to assert claims which were based on injury to the corporation, that the amended complaint failed to state a cause of action, and that the action was time barred. The plaintiff opposed the motion, and moved [*2]to disqualify Morrison Cohen, LLP (hereinafter Morrison Cohen), as counsel for the defendants. By order dated August 24, 2018, the Supreme Court, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint, and denied the plaintiff's motion for disqualification. The plaintiff appeals.
"'For a wrong against a corporation, a shareholder has no individual cause of action, though he [or she] loses the value of his [or her] investment'" (Zaharatos v Coscia, 159 AD3d 853, 854, quoting Abrams v Donati, 66 NY2d 951, 953). In determining "whether a cause of action is personal or derivative, the pertinent inquiry . . . is whether the thrust of the plaintiff's action is to vindicate his [or her] personal rights as an individual and not as a stockholder on behalf of the corporation" (Bibbo v Arvanitakis, 145 AD3d 657, 660 [internal quotation marks omitted]; see Craven v Rigas, 85 AD3d 1524, 1527). "An individual action may be maintained where the injury alleged is to the plaintiff and recovery would go to the plaintiff" (Bibbo v Arvanitakis, 145 AD3d at 660). "A complaint the allegations of which confuse a shareholder's derivative and individual rights will . . . be dismissed" (Abrams v Donati, 66 NY2d at 953; see Dian Kui Su v Sing Ming Chao, 150 AD3d 424, 425).
Here, the amended complaint is largely addressed to harms suffered directly by the corporation, and derivative and personal claims are mixed within the same causes of action. The plaintiff alleges an individual injury only to the extent that he asserts, in connection with the second cause of action, to recover damages for fraud in the factum, that his reputation with the lender was damaged by the forgery of his signature. However, "[d]amages for a cause of action sounding in fraud are limited to 'the actual pecuniary loss sustained as the direct result of the wrong or what is known as the out-of-pocket rule'" (Matter of Hersh, 198 AD3d 766, 772, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 421). The plaintiff's general allegations of harm to his reputation are insufficient to allege an actual pecuniary loss (see Rather v CBS Corp., 68 AD3d 49, 58).
Moreover, dismissal was properly directed as to any individual claims asserted on the alternate ground that they were time-barred pursuant to the applicable statutes of limitations. "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (HSBC Bank USA, N.A. v King, 193 AD3d 694, 695 [internal quotation marks omitted]). "'If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period'" (Kotlyarsky v Abrazi, 188 AD3d 853, 854, quoting Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
An action sounding in fraud must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213[8]; see Kotlyarsky v Abrazi, 188 AD3d at 854). Here, the alleged forgery of the plaintiff's signature, and any injury it caused to the plaintiff's reputation, took place in October 2010. This action was not commenced until January 2017, more than six years later (see CPLR 213[8]).
Contrary to the plaintiff's contention, the doctrine of equitable estoppel was unavailable to toll the statute of limitations, since in response to the defendants' prima facie showing that the time within which to sue had expired, he failed to raise a question of fact as to whether any action or representation by the defendants induced him to forgo the timely commencement of an action to enforce his rights (see Jacobson Dev. Group, LLC v Yews, Inc., 174 AD3d 868, 870; MP v Davidsohn, 169 AD3d 788, 791).
Causes of action to recover damages for intentional infliction of emotional distress are governed by a one-year statute of limitations (see CPLR 215[3]; Scifo v Taibi, 198 AD3d 704), and causes of action to recover damages for negligent infliction of emotional distress have a three-year limitations period (see CPLR 214[5]; Schwartz v Walter, 171 AD3d 969, 970). Accordingly, the fifth and sixth causes of action were also time-barred.
Finally, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to disqualify Morrison Cohen as counsel for the defendants in this action. "'A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted'" (Empire Med. Servs. of Long Is., P.C. v Sharma, 189 AD3d 1176, 1177, quoting Homar v American Home Mtge. Acceptance, Inc., 119 AD3d 901, 901). The plaintiff failed to sustain his burden of demonstrating that disqualification was warranted in this matter (see Carroll-Mikhail v Teutonico, 181 AD3d 643, 644; Sessa v Parrotta, 116 AD3d 1029, 1030; Andre v City of New York, 19 AD3d 340, 341).
The plaintiff's remaining contentions are improperly raised for the firs time on appeal.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court