Hymowitz v Hoang Q. Nguyen (2022 NY Slip Op 05997)

Hymowitz v Hoang Q. Nguyen

2022 NY Slip Op 05997

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11730
 (Index No. 519547/18)

[*1]Charles M. Hymowitz, et al., appellants,
v
Hoang Q. Nguyen, etc., et al., respondents.

Leonard B. Sukherman & Associates, P.C., Brooklyn, NY (Charles M. Hymowitz pro se, Michael Glidden, and Pollack, Pollack, Isaac and DeCicco, LLP [Brian J. Isaac], of counsel), for appellants.
Nguyen Leftt, P.C., New York, NY (Stephen D. Chakwin, Jr., of counsel), respondent pro se and for respondents Hoang Q. Nguyen and Andrew Derek Leftt.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 27, 2019. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss so much of the first, second, fifth, and sixth causes of action as were based upon an alleged agreement to pay the plaintiffs one-third of certain contingency fees, and to dismiss the thirteenth, fourteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-third, and twenty-fourth causes of action in their entirety, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
According to the complaint, in 2008 the plaintiff Charles M. Hymowitz and the defendant Hoang Q. Nguyen, both of whom are attorneys, entered into an oral agreement whereby Hymowitz and his firm, the plaintiff Law Offices of Charles M. Hymowitz, P.C., would be retained by Nguyen in a "per diem" or "of counsel" capacity. The complaint alleges that the plaintiffs were to be compensated by being paid a per diem fee, and would further be paid one-third of any contingency fee collected by Nguyen on cases Hymowitz was assigned to work. In 2014, Nguyen and the defendant Andrew Derek Leftt entered practice together and founded the defendant law firm, Nguyen Leftt, P.C. (hereinafter the firm). According to the complaint, after the firm's founding, the plaintiffs continued to provide services in a per diem or of counsel capacity to the firm, and were offered the same compensation terms. In 2017, the relationship between the parties ended when, following the successful resolution of a matter in which Hymowitz served as "second chair" at trial, the defendants offered him compensation below what he believed he was entitled.
The plaintiffs commenced this action against the defendants alleging causes of action, inter alia, sounding in breach of contract, anticipatory breach of contract, quantum meruit, conversion, and violations of state and federal labor law. Prior to joining issue, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, asserting that the action was barred by [*2]the doctrine of res judicata and for failure to state a cause of action. The plaintiffs opposed the motion, and by order dated September 27, 2019, the Supreme Court granted the motion on the ground that the action was barred by the doctrine of res judicata. The plaintiffs appeal.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Nobo Assoc., LLC v New York Hosp. Med. Ctr. of Queens, 181 AD3d 937, 938 [internal quotation marks omitted]). "The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (Matter of Hunter, 4 NY3d 260, 269).
Here, in support of their motion the defendants submitted a petition interposed by the plaintiffs prior to the commencement of the action, in which the plaintiffs sought, among other things, pre-action disclosure of certain retainer statement numbers, and leave to file late retainer statements nunc pro tunc on cases at issue between the parties (see 22 NYCRR 691.20[a][3]), seemingly in accordance with settled precedent that filing a retainer statement, or obtaining leave to file a late retainer statement nunc pro tunc, is a condition precedent to commencing an action alleging breach of contract in the context of an attorney fee-sharing dispute (see Siracusa v Fitterman, 110 AD3d 1055, 1056; Giano v Ioannou, 78 AD3d 768, 771). The defendants also submitted an order of the Supreme Court dated June 27, 2018, in which the court denied the pre-action disclosure requested in the petition on the ground that it did not have jurisdiction to grant that relief (see 22 NYCRR 691.20[c][1]), and denied leave to file late retainer statements nunc pro tunc, inter alia, because the plaintiffs had not submitted evidence of any fee-sharing agreement between the parties.
However, the Supreme Court's determination in the June 27, 2018 order denying leave to file late retainer statements nunc pro tunc on the ground that the plaintiff had not submitted evidence of any fee-sharing agreement between the parties was not a final determination that no fee-sharing agreement between the parities existed (see Sweet Constructors, LLC v Wallkill Med. Dev., LLC, 106 AD3d 810, 811; Djoganopoulos v Polkes, 67 AD3d 726, 727). Moreover, the petition, in seeking pre-action disclosure, and pre-action nunc pro tunc relief for the purpose of preserving a breach of contract claim, did not provide an opportunity to litigate the other causes of action alleged in the complaint. Accordingly, the court erred in determining that the complaint was subject to dismissal on the ground that the action was barred by the doctrine of res judicata.
Nevertheless, the Supreme Court properly granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against Leftt. "As a general rule, the law treats corporations as having an existence separate and distinct from that of their shareholders and, consequently, will not impose liability upon shareholders for the acts of the corporation" (Doe v Bloomberg L.P., 36 NY3d 450, 461, quoting Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163; see Superior Transcribing Serv., LLC v Paul, 72 AD3d 675, 676; cf. Business Corporation Law § 1505). "In order for a plaintiff to state a viable claim against a shareholder of a corporation in his or her individual capacity for actions purportedly taken on behalf of the corporation, [the] plaintiff must allege facts that, if proved, indicate that the shareholder exercised complete domination and control over the corporation and 'abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice'" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776, quoting Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 142).
Here, while the complaint alleged that Leftt had authority to make decisions on behalf of the firm, and that Leftt "ratified" both that the plaintiffs held an "of counsel" position with the firm, as well as the compensation arrangement allegedly first entered into between the plaintiffs and Nguyen, the complaint does not allege that Leftt exercised "complete dominion and control over" the firm, or otherwise "abused the privilege of doing business in the corporate form" that would form the basis for personal liability (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d at 776; Sky-Track Tech. Co. Ltd. v HSS Dev., Inc., 167 AD3d 964, 965).
The first and second causes of action alleged that Nguyen, and the fifth and sixth causes of action alleged that the firm, breached (1) an agreement to compensate the plaintiffs by paying them a per diem fee; and (2) an agreement to pay the plaintiffs one-third of any contingency fee collected by Nguyen on cases Hymowitz was assigned to work.
"'The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach'" (East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 886, quoting WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1021-1022). "Generally, a party alleging a breach of contract must demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement" (Canzona v Atanasio, 118 AD3d 837, 839 [internal quotation marks omitted]; see Theaprin Pharms., Inc. v Conway, 137 AD3d 1254, 1255). Where the terms of an alleged oral agreement are vague or indefinite, they will not support a cause of action alleging breach of contract (see Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893; Canzona v Atanasio, 118 AD3d at 839), though bearing in mind that "'the terms of a contract [do not] need [to] be fixed with absolute certainty to give rise to an enforceable agreement'" (LMEG Wireless, LLC v Farro, 190 AD3d 716, 718, quoting Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 107 [internal quotation marks omitted]).
Here, the complaint failed to plead the material terms of the alleged oral compensation agreement by which Nguyen and the firm allegedly agreed to pay the plaintiffs on a per diem basis, including how much they were to be paid, the type of compensation (e.g., hourly, by the day, or by the task he was assigned, etc.), and how frequently Hymowitz worked in a per diem capacity (see Berkovits v Berkovits, 190 AD3d 911; Canzona v Atanasio, 118 AD3d at 839). Accordingly, the Supreme Court properly granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the first, second, fifth, and sixth causes of action as asserted that Nguyen and the firm breached an alleged agreement to pay the plaintiffs on a per diem basis.
We reach a different conclusion, however, to the extent that the first, second, fifth, and sixth causes of action alleged that Nguyen and the firm breached an agreement to pay the plaintiffs one-third of any contingency fee collected by Nguyen on cases Hymowitz was assigned to work. These allegations were pleaded with sufficient specificity to state a cause of action for breach of contract. While the defendants, in their affidavits submitted in support of the motion to dismiss, dispute whether Hymowitz was an employee, or whether they agreed to compensate the plaintiffs, these submissions were insufficient to conclusively establish that the plaintiffs have no cause of action for breach of contract (see Francisco v Kiara Foods, Inc., 197 AD3d 563, 565; Doe v Ascend Charter Schs., 181 AD3d 648, 650). "'Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss'" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1329, quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
Contrary to the defendants' contention, the alleged oral agreement was not barred by the statute of frauds (see General Obligations Law § 5-701[a]), since the complaint alleged an oral employment agreement, which is presumed to be at-will (see Monheit v Petrocelli Elec. Co., Inc., 73 AD3d 714, 715), and thus subject to termination within one year (see Cron v Hargro Fabrics, 91 NY2d 362, 367; Kuo v Wall St. Mtge. Bankers, Ltd., 65 AD3d 1089, 1089). Moreover, the complaint alleged that the obligation to pay the plaintiffs a contingency fee arose upon Hymowitz being assigned to work on a case, and therefore his separation from the defendants before a case settled did not bring the contract with the one-year proscription of the statute of frauds, since the sole obligation at that point was the calculation of his compensation (see Cron v Hargro Fabrics, 91 NY2d at 370; cf. Bennett v Atomic Prods. Corp., 74 AD3d 1003, 1005).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were to dismiss so much of the first, second, fifth, and sixth causes of action as alleged that Nguyen and the firm breached an agreement to pay the plaintiffs one-third of certain contingency fees.
The Supreme Court properly granted those branches of the motion which were pursuant to CPLR 3211(a)(7) to dismiss the seventh through twelfth causes of action, asserting anticipatory breach of contact, the thirty-first through thirty-fourth causes of action, asserting breach of an implied covenant of good faith and fair dealing, and the thirty-fifth through one hundred thirty-fifth causes of action, alleging conversion, insofar as asserted against Nguyen and the firm. The anticipatory breach causes of action fail to state a claim since "a party who has fully performed cannot invoke the doctrine even though the other party has repudiated" (Long Is. R.R. Co. v Northville Indus. Corp., 41 NY2d 455, 464), and here, the complaint alleged that the plaintiffs fully performed under the alleged contract. The breach of an implied covenant of good faith and fair dealing causes of action are duplicative of the breach of contract causes of action (see BT Holdings, LLC v Village of Chester, 189 AD3d 754, 759; Cortazar v Tomasino, 150 AD3d 668, 670). The conversion causes of action do not allege an immediate right to payment of funds remitted to the defendants, but rather that the plaintiffs were entitled to compensation by the defendants based on fees they collected (see Gym Door Repairs, Inc. v Astoria Gen. Contr. Corp., 144 AD3d 1093, 1096; Daub v Future Tech Enter., Inc., 65 AD3d 1004, 1006).
The Supreme Court also properly granted those branches of the motion which were pursuant to CPLR 3211(a)(7) to dismiss the one hundred thirty-sixth and one hundred thirty-seventh causes of action, alleging violations of federal and state minimum wage laws, insofar as asserted against Nguyen and the firm. Under the facts as alleged in the complaint, Hymowitz did not qualify as an "employee" entitling him to the protection of federal or state minimum wage laws (see 29 CFR 541.304; Labor Law § 651[5]; 12 NYCRR 142-2.14[c][4]). The court properly granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the one hundred thirty-ninth cause of action, seeking damages pursuant to Labor Law § 195, insofar as asserted against Nguyen and the firm, since the complaint failed to allege conduct constituting a violation of Labor Law § 195, which is concerned with hour and wage notice and record-keeping requirements. Finally, because the plaintiffs' Labor Law claims are not viable, the court properly granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the one hundred fortieth cause of action, seeking liquidated damages and attorneys fees pursuant to Labor Law § 198(1-a), insofar as asserted against Nguyen and the firm.
The defendants did not seek dismissal of the thirteenth, fourteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-third, and twenty-fourth causes of action, asserting claims against Nguyen and the firm, for failure to state a cause of action.
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court