Joseph v Rassi (2024 NY Slip Op 04548)

Joseph v Rassi

2024 NY Slip Op 04548

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-00843
 (Index No. 510914/16)

[*1]Adam Joseph, etc., appellant, 
v
Mazdack Rassi, etc., et al., respondents.

Stevenson Marino LLP, White Plains, NY (J. R. Stevenson of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller and Andrew S. Lewner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated December 7, 2022. The order denied the plaintiff's motion to compel the defendants to produce a document-by-document privilege log in conformity with CPLR 3122(b) and, in effect, to disqualify Daniel Shulman as counsel for the defendants.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to compel the defendants to produce a document-by-document privilege log and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2016, the plaintiff commenced this action, individually and as a minority member of the defendants Legs Media, LLC, and Milk Agency, LLC, against, among others, the defendants Mazdack Rassi, Moishe Mana, and Erez Shternlicht, the controlling members of Legs Media, LLC, and Milk Agency, LLC, and several separate but related corporations owned by the controlling members. In July 2022, the plaintiff moved to compel production of a document-by-document privilege log in conformity with CPLR 3122(b), and, in effect, to disqualify Daniel Schulman as counsel for the defendants. In an order dated December 7, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 3122(b), "[w]henever a person is required . . . to produce documents for inspection, and where such person withholds one or more documents that appear to be within the category of the documents required . . . to be produced, such person shall give notice to the party seeking the production and inspection of the documents that one or more such documents are being withheld. This notice shall indicate the legal ground for withholding each such document, and shall provide the following information as to each such document, unless the party withholding the document states that divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document."
Here, the defendants did not comply with the requirements of CPLR 3122(b), as their [*2]privilege log failed to individually identify each type of document being withheld, the general subject matter of each document, and the date of each document (see Stephen v State of New York, 117 AD3d 820, 821). Contrary to the defendants' contention, Rules of the Commercial Division of the Supreme Court (22 NYCRR 202.70 [g]) rule 11-b(b) does not authorize the defendants' unilateral use of categorical designations in their privilege log, absent an agreement by the parties to employ a categorical approach or the issuance of a protective order (see id.). Under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiff's motion which was to compel the defendants to produce a document-by-document privilege log in conformity with CPLR 3122(b).
However, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was, in effect, to disqualify Daniel Schulman as counsel for the defendants. "'A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted'" (Kramer v Meridian Capital Group, LLC, 201 AD3d 909, 912, quoting Empire Med. Servs. of Long Is., P.C. v Sharma, 189 AD3d 1176, 1177 [internal quotation marks omitted]). The plaintiff failed to sustain his burden of demonstrating that disqualification was warranted in this matter (see id.; Carroll-Mikhail v Teutonico, 181 AD3d 643, 644).
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court