Singh v T-Mobile (2024 NY Slip Op 05554)

Singh v T-Mobile

2024 NY Slip Op 05554

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2022-07670
 (Index No. 608033/21)

[*1]Parminder Singh, et al., appellants, 
v
T-Mobile, et al., respondents.

Lee M. Nigen, Valley Stream, NY, for appellants.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Jaspreet S. Mayall and Nicole L. Milone of counsel), for respondents T-Mobile, iMobile PRP, LLC, and Chetan Krishna.
The Law Office of Alexander Paykin, P.C., New York, NY, for respondent Sarab Lamba.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from a order and judgment (one paper) of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered July 13, 2022. The order and judgment, upon an order of the same court dated May 5, 2022, granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint and denying the plaintiffs' cross-motion for leave to serve a second amended complaint, granted the same relief to the defendants, denied the same relief to the plaintiffs, and is in favor of the defendants and against the plaintiffs dismissing the amended complaint. The notice of appeal from the order is deemed to be a notice of appeal from the order and judgment (see CPLR 5512[a]).
ORDERED that the order and judgment is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.
In April 2018, the plaintiff Cellray, Inc. (hereinafter Cellray), entered into a contract with the defendant iMobile PRP, LLC (hereinafter iMobile), to sell Sprint wireless services at four different stores, including one located in Port Jefferson Station (hereinafter the management agreement). Pursuant to an amendment to the management agreement, iMobile was permitted to terminate the management agreement upon Sprint's merger with another entity, if directed to do so by the merged entity. In 2020, Sprint merged with the defendant T-Mobile. Shortly thereafter, T-Mobile directed iMobile to terminate the management agreement with Cellray with respect to each of the four stores.
In June 2021, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract against iMobile and the defendants Sarab Lamba and Chetan Krishna, as managing officers of iMobile. The plaintiffs alleged, among other things, that iMobile, Lamba, and Krishna breached the management agreement by failing to compensate the plaintiffs upon the termination of the management agreement. Thereafter, the plaintiffs amended the complaint as of right, adding causes of action against T-Mobile and a cause of action to void the amendment to the management agreement on the ground of unconscionability.
The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. The plaintiffs opposed the motion and cross-moved for leave to serve a second amended complaint to specify additional damages. In an order dated May 5, 2022, the Supreme Court granted the defendants' motion and denied the plaintiffs' cross-motion. On July 13, 2022, the court entered an order and judgment granting the defendants' motion, denying the plaintiffs' cross-motion, and dismissing the amended complaint. The plaintiffs appeal.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), a court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (A.D.E. Sys., Inc. v Quietside Corp., 188 AD3d 762, 764). "[W]hen evidentiary material is adduced in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the court must determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (F & M Gen. Contr. v Oncel, 132 AD3d 946, 947-948 [internal quotation marks omitted]; see Cukoviq v Iftikhar, 169 AD3d 766, 767). "Further, [a] motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Global World Realty, Inc. v Zubli, 219 AD3d 1495, 1497 [internal quotation marks omitted]).
Here, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of contract insofar as asserted against T-Mobile, Lamba, and Krishna, as those defendants were not parties to the management agreement (see Arroyo v Central Islip UFSD, 173 AD3d 814, 816; Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965). Further, the court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss that cause of action insofar as asserted against iMobile. The defendants' submission of the management agreement and the amendment thereto utterly refuted the plaintiffs' allegations that iMobile was obligated to compensate the plaintiffs for termination of the management agreement upon Sprint's merger with T-Mobile and that closure of the store in Port Jefferson Station constituted a breach of the management agreement (see First Korean Church of N.Y. v 35 Ave & Parsons, LLC, 221 AD3d 971, 972-973).
The Supreme Court also properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of an oral contract. "Generally, a party alleging a breach of contract must demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement" (Hymowitz v Nguyen, 209 AD3d 997, 1000 [internal quotation marks omitted]). "Where the terms of an alleged oral agreement are vague or indefinite, they will not support a cause of action alleging breach of contract, though bearing in mind that the terms of a contract [do not] need [to] be fixed with absolute certainty to give rise to an enforceable agreement" (id. [citations and internal quotation marks omitted]). Here, the plaintiffs failed to sufficiently allege the existence of an oral contract (see id.; Berkovits v Berkovits, 190 AD3d 911, 918; Canzona v Atanasio, 118 AD3d 837, 839).
In addition, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of the implied covenant of good faith and fair dealing. "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153). "'Encompassed within the implied obligation of each promisor to exercise good faith are any promises which a reasonable person in the position of the promisee would be justified in understanding were included'" (Singh v City of New York, 189 AD3d 1697, 1700, quoting Dalton v Educational Testing Serv., 87 NY2d 384, 389). Thus, "the covenant is breached where one party to a contract seeks to prevent its performance by, or to withhold its benefits from, the other" (Michaan v Gazebo Hort., Inc., 117 AD3d 692, 693 [internal quotation marks omitted]). "However, no obligation may be implied that would be inconsistent with other terms of the contractual [*2]relationship" (1357 Tarrytown Rd. Auto, LLC v Granite Props., LLC, 142 AD3d 976, 977; see 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 739). Here, the plaintiffs failed to sufficiently allege that the defendants' conduct prevented the plaintiffs from performing their obligations under the management agreement or deprived them of the right to receive benefits from that agreement (see Michaan v Gazebo Hort., Inc., 117 AD3d at 693; Mosbacher v JP Morgan Chase Bank, N.A., 109 AD3d 525, 526).
The Supreme Court also properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging unjust enrichment. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Barker v Time Warner Cable, Inc., 83 AD3d 750, 752 [internal quotation marks omitted]; see Federico v Brancato, 144 AD3d 965, 967). Here, the unjust enrichment cause of action arises out of the same subject matter as the cause of action alleging breach of contract, and thus, the plaintiffs cannot recover on an unjust enrichment theory (see Avery v WJM Dev. Corp., 216 AD3d 887, 890; Barker v Time Warner Cable, Inc., 83 AD3d at 752). Moreover, the plaintiffs failed to sufficiently allege that the defendants were enriched or otherwise received a benefit at the plaintiffs' expense (see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 961; Dee v Rakower, 112 AD3d 204, 213-214).
With respect to the cause of action for a judgment declaring that a personal guaranty purportedly executed by the plaintiff Parminder Singh was null and void, the defendants' submission of an agreement releasing Singh from potential liability under the personal guaranty conclusively demonstrated that there was no need to void the personal guaranty. "[A]n action for a declaratory judgment must be supported by the existence of a justiciable controversy. There must be a genuine, concrete dispute between adverse parties, not merely the possibility of hypothetical, contingent, or remote prejudice to the plaintiff" (Matter of Hargraves v City of Rye Zoning Bd. of Appeals, 162 AD3d 1022, 1024-1025 [citations omitted]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss that cause of action (see Matter of Hargraves v City of Rye Zoning Bd. of Appeals, 162 AD3d at 1025).
In addition, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging fraud and conspiracy to defraud. "The required elements of a common-law fraud claim are a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 845 [internal quotation marks omitted]. "Damages for a cause of action sounding in fraud are limited to the actual pecuniary loss sustained as the direct result of the wrong or what is known as the out-of-pocket rule" (Kramer v Meridian Capital Group, LLC, 201 AD3d 909, 911 [internal quotation marks omitted]). Here, the plaintiffs failed to sufficiently allege that they sustained an actual pecuniary loss as a result of the alleged fraudulent conduct (see id.). Moreover, a cause of action to recover damages for conspiracy to defraud is not recognized in New York as an independent cause of action (see Pappas v Passias, 271 AD2d 420, 421).
Furthermore, the Supreme Court providently exercised its discretion in denying the plaintiffs' cross-motion for leave to serve a second amended complaint to specify additional damages. "Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit" (TD Bank, N.A. v Keenan, 221 AD3d 1040, 1041). Here, the proposed second amended complaint was palpably insufficient and patently devoid of merit, as it failed to cure any of the defects that warranted dismissal of the amended complaint (see Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d 922, 924-925).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint and properly denied the plaintiffs' cross-motion [*3]for leave to serve a second amended complaint.
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court