Barbetta v Facchini (2025 NY Slip Op 01204)

Barbetta v Facchini

2025 NY Slip Op 01204

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-00006
 (Index No. 283/21)

[*1]Consuelo Marie Barbetta, appellant, 
v
Rachele Facchini, et al., respondents, et al., defendants.

Consuelo Marie Barbetta, North Bellmore, NY, appellant pro se.
Bond, Schoeneck & King, PLLC, Melville, NY (Robin S. Abramowitz and Sabrina Salama of counsel), for respondent Rachele Facchini.

DECISION & ORDER
In an action, inter alia, to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated December 10, 2021. The order, insofar as appealed from, granted the separate motions of the defendants Rachele Facchini and Emily Marchesiello pursuant to CPLR 3211(a) to dismiss the amended complaint, and denied the plaintiff's unopposed motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Sandra Campos.
ORDERED that the order is affirmed insofar as appealed from, with costs to the respondent Rachele Facchini.
In May 2021, the plaintiff commenced this action against the defendants Rachele Facchini, Emily Marchesiello, and Sandra Campos, and another defendant, inter alia, to recover damages for intentional infliction of emotional distress. Shortly thereafter, the plaintiff filed an amended complaint alleging, among other things, that she was friends or acquaintances with each of the defendants in high school and that they graduated with her in 2002. According to the plaintiff, each of the defendants engaged in various acts over the years, including after graduation, that caused her emotional harm. In July 2021, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against Campos. That same month, Facchini moved pursuant to CPLR 3211(a) to dismiss the amended complaint, and Marchesiello separately moved for the same relief. By order dated December 10, 2021, the Supreme Court, inter alia, denied the plaintiff's unopposed motion and granted the separate motions of Facchini and Marchesiello. The plaintiff appeals.
"On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (Travelon, Inc. v Maekitan, 215 AD3d 710, 712 [internal quotation marks omitted]). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable, since defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them. However, a court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the [*2]burden of stating a viable cause of action" (Morris v Zimmer, 227 AD3d 696, 700 [citations, alterations, and internal quotation marks omitted]; see Barbetta v NY Auto Find, Inc., 221 AD3d 851, 853).
Here, the plaintiff failed to meet her burden of stating a viable cause of action against Campos. The Supreme Court therefore properly denied the plaintiff's unopposed motion pursuant to CPLR 3215 for leave to enter a default judgment against Campos (see Morris v Zimmer, 227 AD3d at 701; Barbetta v NY Auto Find, Inc., 221 AD3d at 853; Lugo v Corso, 215 AD3d 944, 945).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time within which to commence the action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or is otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Edem v Wondemagegehu, 175 AD3d 466, 467 [citations omitted]; see Kramer v Meridian Capital Group, LLC, 201 AD3d 909, 911-912).
Contrary to the plaintiff's contention, the Supreme Court properly granted the separate motions of Facchini and Marchesiello, pursuant to CPLR 3211(a)(5), to dismiss the amended complaint. "Causes of action to recover damages for intentional infliction of emotional distress are governed by a one-year statute of limitations, and causes of action to recover damages for negligent infliction of emotional distress have a three-year limitations period" (Kramer v Meridian Capital Group, LLC, 201 AD3d at 912 [citations omitted]). A cause of action to recover damages for prima facie tort is generally governed by a three-year limitations period (see Bassim v Hassett, 184 AD2d 908, 909; Jones v City of New York, 161 AD2d 518, 519), although the period is shortened to one year when the conduct at issue was intentional (see Teller v Galak, 162 AD3d 959, 960-961, citing Havell v Islam, 292 AD2d 210, 210). A cause of action to recover damages for defamation is similarly governed by a one-year limitations period (see Arvanitakis v Lester, 145 AD3d 650, 651). Since the plaintiff's amended complaint sought damages for conduct that allegedly occurred more than three years before the commencement of this action, Facchini and Marchesiello each met their burden of demonstrating that the causes of action asserted therein were time-barred (see Kramer v Meridian Capital Group, LLC, 201 AD3d at 911-912; Edem v Wondemagegehu, 175 AD3d at 467). In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether she actually commenced the action within the applicable limitations period.
In light of our determination, we need not reach the issue of whether the Supreme Court properly directed dismissal of the amended complaint pursuant to CPLR 3211(a)(7) (see Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 903-905; Beizer v Hirsch, 116 AD3d 725, 726).
Finally, since the appendix submitted by the plaintiff was inadequate (see CPLR 5528[a][5]; 22 NYCRR 1250.7[d][1]), Facchini is entitled to recover from the plaintiff the expense of printing, serving, and filing her supplemental appendix (see CPLR 5528[e]; Freed v Best, 175 AD3d 1496, 1497-1498; Vanzo Wholesale Food Equip., Inc. v 28 McEwan St., LLC, 132 AD3d 754, 755).
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court