CLIFFORD MOORE, Appellant, v MIDDLETOWN ENLARGED CITY SCHOOL DISTRICT, Respondent. [871 NYS2d 211]—

The plaintiff commenced this action asserting, inter alia, claims pursuant to Civil Service Law § 75-b and 42 USC § 1983. Specifically, the plaintiff alleged that the defendant, Middletown Enlarged City School District (hereinafter the District), retaliated against him after he reported his concerns regarding the appearance of sexual misconduct between the then-Superintendent and a minor student, and after he subsequently spoke to the press about those concerns. The plaintiff alleged that, prior to the start of the 2004-2005 school year, the District retaliated against him by eliminating the position of High School Assistant Principal, which had he held for five years, subsequently creating an allegedly identical position entitled House Principal, and thereafter refusing to hire him for the newly-created position. The plaintiff further alleged that he was transferred to the position of Assistant Principal at a different school within the District and assigned tasks which were secretarial in nature. The plaintiff served a notice of claim on the District more than five months after being informed that his application for the House Principal position had been rejected, the last of the alleged retaliatory acts.

The Supreme Court properly granted that branch of the District's motion which was to dismiss the plaintiff's claim pursuant to Civil Service Law § 75-b because the plaintiff failed to serve a timely notice within three months of the last alleged retaliatory act (*see* Education Law § 3813; *Scherman v Board of Educ. of School Dist. No. 1, Town of Hempstead,* 44 AD2d 831 [1974], *affd* 37 NY2d 839 [1975]; *see also State Div. of Human Rights v Burroughs Corp.,* 52 NY2d 748 [1980]; *Selkirk v State of New York,* 249 AD2d 818, 819 [1998]).

However, the Supreme Court erred in dismissing the plaintiff's claim pursuant to 42 USC § 1983 for failure to state a cause of action. The plaintiff alleged that he reported his concerns of sexual misconduct between the superintendent and a minor student and that the District thereafter retaliated against him by eliminating the position he held as Assistant Principal, refusing to hire him for a newly-created identical position, and transferring him to another school within the District to perform secretarial work. These allegations are sufficient to survive a motion to dismiss as they describe a retaliatory policy on the part of the District (*see Monell v New York City Dept. of Social Servs.,* 436 US 658, 694 [1978]; *see also Cioffi v Averill Park Cent. School Dist. Bd. of Educ.,* 444 F3d 158 [2006], *cert denied* 549 US 953 [2006]; *cf. Back v Hastings on Hudson Union Free School Dist.,* 365 F3d 107, 128 [2004]).

In light of this determination, the plaintiff's remaining contention is academic. Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.