Kotlyarsky v Abrazi (2020 NY Slip Op 06511)





Kotlyarsky v Abrazi


2020 NY Slip Op 06511


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-07538
 (Index No. 512555/17)

[*1]Boris Kotlyarsky, appellant, 
v
Bella Abrazi, etc., et al., respondents.


Akiva Shapiro Law, PLLC, Old Bethpage, NY, for appellant.
The Law Office of Roman Popik, P.C., New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent conveyance of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated April 19, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and to vacate notices of pendency.
ORDERED that the order is affirmed, with costs.
In a prior action entitled Abrazi v Kotlyarsky, under Supreme Court, Kings County Index No. 32472/99 (hereinafter the prior action), the plaintiff in this action obtained two judgments against the defendant Mark Abrazi, which were entered on December 4, 2003, and February 20, 2004, respectively. On or about December 27, 2002, the defendants Mark Abrazi and Fania Abrazi allegedly transferred, without consideration, certain real property they owned to the defendant BelRich, LLC, a company owned by their children, the defendants Bella Abrazi and Richard Abrazi. In 2017, the plaintiff commenced this action, inter alia, to recover damages resulting from the alleged fraudulent conveyance. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint and to vacate notices of pendency, arguing, among other things, that the action was time-barred. In the order appealed from, the Supreme Court granted the defendants' motion. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608; Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 796; Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d 768, 768-769). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d at 769). Actions based on fraud are subject to the statute of limitations of "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213[8]; see O'Reilly v Klar, 167 AD3d 920; Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 939).
Here, the defendants met their burden of establishing, prima facie, that the time in which to commence the action had expired. The plaintiff, at the very latest, possessed knowledge of the facts underlying his allegations of fraud as of December 14, 2007, when Mark Abrazi testified in the prior action that he had conveyed the real property at issue in 2002 to BelRich, LLC, a company owned by his daughter, Bella Abrazi. The plaintiff did not commence this action until 2017, more than six years after the alleged fraudulent conveyance and more than two years after the plaintiff could with reasonable diligence have discovered the fraud. In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether he actually commenced the action within the applicable limitations period (see Edem v Wondemagegehu, 175 AD3d 466, 467).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion.
In light of our determination, we need not reach the plaintiff's remaining contention.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court