Bank of N.Y. Mellon v Govan (2022 NY Slip Op 02525)

Bank of N.Y. Mellon v Govan

2022 NY Slip Op 02525

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-02931
 (Index No. 60727/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Robert L. Govan, etc., appellant, et al., defendants.

The Law Offices of Charles Wallshein, PLLC, Melville, NY, for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert L. Govan appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlin, J.), dated February 5, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer with affirmative defenses, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Robert L. Govan, to strike his answer with affirmative defenses, and for an order of reference are denied.
In February 2014, the plaintiff commenced this action against, among others, the defendant Robert L. Govan (hereinafter the defendant) to foreclose a mortgage on certain real property located in Southampton. The defendant interposed an answer in which he asserted various affirmative defenses. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer with affirmative defenses, and for an order of reference. By order dated February 5, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendant appeals.
The Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer with affirmative defenses, and for an order of reference. The "separate envelope" mandate of RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice." Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to show its strict compliance with RPAPL 1304(2) (see Bank of Am. N.A. v Kessler, 202 AD3d 10; CV XXVII, LLC v Trippiedi, 187 AD3d 847, 850). In particular, the copies of the 90-day notice submitted by the plaintiff in support of its motion included an additional notice not contemplated by RPAPL 1304(2). The plaintiff acknowledged that the envelope that it sent to the defendant, which contained the requisite RPAPL 1304 notices, also included a separate notice concerning the rights of a debtor in bankruptcy and in military service. This Court recently determined, in Bank of Am., [*2]N.A. v Kessler (202 AD3d 10), that RPAPL 1304(2) mandates that the requisite notices under its provision must be mailed in an envelope separate from any other notice (see Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105). Since the plaintiff failed to demonstrate that the RPAPL 1304 notice was "served in an envelope that was separate from any other mailing or notice" (USBank N.A. v Haliotis, 185 AD3d 756, 758-759; see Bank of Am., N.A. v Kessler, 202 AD3d 10), it failed to establish its strict compliance with RPAPL 1304. Accordingly, the court should have denied the subject branches of the plaintiff's motion.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court