Wells Fargo Bank N.A. v Bedell (2022 NY Slip Op 03413)





Wells Fargo Bank N.A. v Bedell


2022 NY Slip Op 03413


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.


2019-05231
2019-05232
 (Index No. 4330/14)

[*1]Wells Fargo Bank National Association, etc., respondent, 
v
Jim Bedell, etc., et al., appellants, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta and David Gantz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jim Bedell and Penelope Bedell appeal from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated February 6, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Jim Bedell and Penelope Bedell, to strike their answer, and for an order of reference, and denied the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them and their motion for leave to amend their answer. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Jim Bedell and Penelope Bedell, to strike their answer, and for an order of reference, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof denying the cross motion of the defendants Jim Bedell and Penelope Bedell for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting the cross motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Jim Bedell and Penelope Bedell, to strike their answer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that one bill of costs is awarded to the defendants Jim Bedell and Penelope Bedell.
In February 2014, the plaintiff commenced this action against, among others, the defendants Jim Bedell and Penelope Bedell (hereinafter together the defendants) to foreclose a mortgage on certain property located in Manorville. The defendants interposed an answer asserting various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304. The defendants thereafter moved for leave to amend their answer, and the plaintiff opposed the motion. While the defendants' motion was pending, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed and cross-moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that the plaintiff failed to comply with RPAPL 1304. The Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and denied the defendants' cross motion and their motion for leave to amend their answer. The defendants appeal.
The "separate envelope" mandate of RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice." Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to show its strict compliance with RPAPL 1304(2). Among other things, the copies of the 90-day notice submitted by the plaintiff in support of its motion included additional notices not contemplated by RPAPL 1304(2). The plaintiff acknowledged that the envelopes it sent to the defendants, which contained the requisite RPAPL 1304 notice, also included a separate notice pertaining to the rights of a debtor in military service and a debtor in bankruptcy, among others. This Court recently determined, in Bank of America, N.A. v Kessler (202 AD3d 10), that RPAPL 1304(2) requires that the requisite notice under its provision be mailed in an envelope separate from any other notice. Since the plaintiff failed to demonstrate that the RPAPL 1304 notice was "served in an envelope that was separate from any other mailing or notice" (U.S. Bank N.A. v Haliotis, 185 AD3d 756, 758-759; see Bank of America, N.A. v Kessler, 202 AD3d 10), "it failed to establish its strict compliance with RPAPL 1304" (Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1107). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Moreover, as the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them "by showing that the plaintiff failed to comply with RPAPL 1304 when it sent additional material in the same envelopes as the requisite notice under RPAPL 1304," and as the plaintiff failed to raise a triable issue of fact in opposition, the Supreme Court should have granted the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them (Bank of Am., N.A. v Kessler, 202 AD3d at 19).
In light of our determination, the defendants' remaining contentions need not be reached.
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court