Ottey v Maya Assur. Co. (2022 NY Slip Op 03397)





Ottey v Maya Assur. Co.


2022 NY Slip Op 03397


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-09825
 (Index No. 701656/16)

[*1]Dymond Ottey, appellant, 
v
Maya Assurance Company, respondent.


Parker Waichman, LLP, Port Washington, NY (Jay Breakstone and Stephenie Lannigan Bross of counsel), for appellant.
Felberbaum, Halbridge & Wirth, Commack, NY (Samuel E. Felberbaum of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant is obligated to provide insurance coverage, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), dated June 27, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured on February 14, 2010, when a livery cab from which she was exiting suddenly sped away, causing her to fall to the ground. The livery cab was owned by nonparty ABC Global Limo Corp. (hereinafter ABC Global). The plaintiff commenced an action against ABC Global to recover damages for her personal injuries, and obtained a default judgment therein against ABC Global in the principal sum of $75,000.
The plaintiff also applied to the defendant insurer for no-fault benefits, alleging that it had insured the livery cab. Initially, the defendant paid certain benefits, but it subsequently determined that the livery cab was not covered by it and informed the plaintiff that the payments had been made in error. The plaintiff then commenced the instant action, inter alia, for a judgment declaring that the defendant is obligated to provide insurance coverage.
The defendant moved, inter alia, for summary judgment dismissing the complaint. In support of its motion, the defendant submitted evidence which demonstrated that it had insured the livery cab until August 14, 2009, when the insured, ABC Global, submitted a request to remove coverage from the livery cab and transfer coverage to a replacement vehicle. Upon presentation of certain forms by ABC Global, the defendant removed coverage from the livery cab and transferred coverage to the replacement vehicle. In support of its motion, the defendant argued that, since the livery cab was not covered at the time of the subject accident, it had no obligation to provide coverage.
The plaintiff opposed the motion, and cross-moved for summary judgment on the [*2]complaint. In opposition to the defendant's motion and in support of her cross motion, the plaintiff argued that the defendant should be estopped from disclaiming coverage because it had failed to timely deny coverage, it had begun the representation and assumed the defense of the policy by paying certain benefits, it had lulled the plaintiff into sleeping on her rights, and the plaintiff had been prejudiced thereby as she was now precluded from seeking alternative remedies, such as a claim with the Motor Vehicle Accident Indemnification Corporation (hereinafter the MVAIC).
In an order dated June 27, 2019, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The court found that the defendant was not required to issue a disclaimer because the livery cab was not covered on the date of the accident. The court further found that the plaintiff was not prejudiced by the partial payment, since she had 180 days from the date that she received notice of the defendant's denial to pursue a claim with the MVAIC. The plaintiff appeals.
On appeal, the plaintiff argues that the defendant should be equitably estopped from denying coverage because it was complicit in ABC Global's insurance fraud. She further contends that she was prejudiced by the defendant's failure to issue a disclaimer and partial payment because the statutory maximum she could receive if she filed a claim with the MVAIC is $25,000, and, therefore, she could not recover the full $75,000 default judgment amount. These arguments are raised for the first time on appeal, and are not properly before this Court (see Matter of Baig, 192 AD3d 1010, 1013; NYU Hosp. for Joint Diseases v Country Wide Ins. Co., 84 AD3d 1043, 1044; Matter of Panetta v Carroll, 62 AD3d 1010). Accordingly, the order is affirmed insofar as appealed from.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court