Mohrman v Johns (2022 NY Slip Op 06797)

Mohrman v Johns

2022 NY Slip Op 06797

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2020-04482
 (Index No. 603351/19)

[*1]Lisa Mohrman, respondent, 
v
Joseph Johns, et al., appellants, et al., defendants.

Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellants.
Ahern & Ahern, Kings Park, NY (Dennis P. Ahern of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment and conversion, the defendants Joseph Johns and Blake Stone, LLC, appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated May 1, 2020. The order, insofar as appealed from, denied those branches of the motion of the defendants Joseph Johns and Blake Stone, LLC, which were pursuant to CPLR 3211(a) to dismiss the first through fifth causes of action insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Joseph Johns and Blake Stone, LLC, which were pursuant to CPLR 3211(a) to dismiss the first, second, third, and fifth causes of action insofar as asserted against them, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants Joseph Johns and Blake Stone, LLC.
The plaintiff commenced the instant action against, among others, the defendants Joseph Johns and Blake Stone, LLC (hereinafter together the defendants). In the first cause of action, the plaintiff purported to allege intentional deprivation of the use and enjoyment of personal and real property. In the second cause of action, she purported to allege negligent deprivation of the use and enjoyment of personal and real property. In the third cause of action, the plaintiff sought to recover damages for conversion. In the fourth cause of action, the plaintiff alleged a cause of action sounding in unjust enrichment. In the fifth cause of action, she asserted a cause of action to recover damages for intentional infliction of emotional distress. The defendants moved pursuant to CPLR 3211(a)(5) and (7), inter alia, to dismiss the first through fifth causes of action insofar as asserted against them. The Supreme Court denied those branches of the defendants' motion, and the defendants appeal.
On a motion pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Applying this standard here, we find that the first and second causes of action failed to allege sufficient facts to state recognized causes of action. The plaintiff's contention that these causes of action were intended to allege private nuisance is improperly raised [*2]for the first time on appeal (see generally Ottey v Maya Assur. Co., 205 AD3d 1043, 1045). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the first and second causes of action insofar as asserted against them.
The Supreme Court also should have granted that branch of the motion which was to dismiss the third cause of action, to recover damages for conversion, insofar as asserted against the defendants. "To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights" (RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP, 195 AD3d 968, 970 [internal quotation marks omitted]). Here, the plaintiff failed to state a cause of action sounding in conversion, as she did not identify the specific property allegedly converted (see Messiah's Covenant Community Church v Weinbaum, 74 AD3d 916, 919; Walden Terrace v Broadwall Mgt. Corp., 213 AD2d 630, 631).
On a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint as time-barred, the moving defendants must establish, prima facie, that the time within which to commence the action has expired (see Kotlyarsky v Abrazi, 188 AD3d 853, 854; Edem v Wondemagegehu, 175 AD3d 466, 467; Goodman v Skanska USA Civ., Inc., 169 AD3d 1010, 1011). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or is otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Kotlyarsky v Abrazi, 188 AD3d at 854; Edem v Wondemagegehu, 175 AD3d at 467).
Here, the defendants established, prima facie, that the fifth cause of action, to recover damages for intentional infliction of emotional distress, was barred by the one-year statute of limitations for intentional torts (see CPLR 215[3]; Kramer v Meridian Capital Group, LLC, 201 AD3d 909, 912; Edem v Wondemagegehu, 175 AD3d at 467). In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether she actually commenced the action within the applicable limitations period. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the fifth cause of action, to recover damages for intentional infliction of emotional distress, insofar as asserted against them, as time-barred.
However, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the fourth cause of action, to recover damages for unjust enrichment, insofar as asserted against them. Affording the complaint a liberal construction, it sufficiently alleges a cause of action to recover damages for unjust enrichment (see Trenholm-Owens v City of Yonkers, 197 AD3d 521, 524).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court