Bank of N.Y. Mellon v Greene (2022 NY Slip Op 06781)

Bank of N.Y. Mellon v Greene

2022 NY Slip Op 06781

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-07732
 (Index No. 5126/14)

[*1]Bank of New York Mellon, etc., appellant,
v
Pamesta Greene, etc., respondent, et al., defendants.

Akerman, LLP, New York, NY (Jordan M. Smith and James Ng of counsel), for appellant.
Berg & David, PLLC, Inwood, NY (Abraham David and Sholom Wohlgelernter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark Partnow, J.), dated September 8, 2020. The order granted the cross motion of the defendant Pamesta Greene for summary judgment dismissing the complaint insofar as asserted against her and denied, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendant Pamesta Greene (hereinafter the defendant) to foreclose a mortgage. In April 2019, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her. By order dated September 8, 2020, the Supreme Court granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her and denied the plaintiff's motion as academic in light of that determination. The plaintiff appeals.
We affirm the granting of the defendant's cross motion, but on grounds different from those relied upon by the Supreme Court (see Louis-Juste v Fisher Park Lane Owner, LLC, 205 AD3d 703, 703; James v Arango, 116 AD3d 1008, 1008). "RPAPL 1304(1) provides that with regard to home loans, the lender or its assignee or servicer must provide notice to the homeowner of the default in payment, and warn that the homeowner is at risk of losing the home in a foreclosure proceeding" (Emigrant Bank v Cohen, 205 AD3d 103, 108). "Strict compliance with the requisite RPAPL 1304 notices to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Bank of Am., N.A. v Kessler, 202 AD3d 10, 14). "[I]nclusion of any material in the separate envelope sent to the borrower under RPAPL 1304 that is not expressly delineated in [RPAPL 1304] constitutes a violation of the separate envelope requirement" (id. at 14).
Here, the defendant established her prima facie entitlement to judgment as a matter [*2]of law dismissing the complaint insofar as asserted against her, as she demonstrated that the plaintiff failed to strictly comply with the separate envelope requirement of RPAPL 1304. Namely, the copy of the 90-day notice submitted by the plaintiff in support of its motion included information concerning the rights of a debtor in bankruptcy and in military service. Such additional information is not contemplated by RPAPL 1304 (see Wells Fargo Bank N.A. v Bedell, 205 AD3d 1064, 1065; Bank of N.Y. Mellon v Govan, 204 AD3d 878, 879; Bank of Am., N.A. v Kessler, 202 AD3d at 19; Citimortgage, Inc. v Dente, 200 AD3d 1025, 1026). While the defendant's separate envelope argument is raised for the first time on appeal, the issue of whether the plaintiff strictly complied with the service requirements of RPAPL 1304 was before the Supreme Court on the defendant's cross motion and the separate envelope argument may be reached, as it involves a question of law that appears on the face of the record and could not have been avoided if brought to the court's attention at the proper juncture (see Wells Fargo Bank, N.A. v Davidson, 202 AD3d 880, 882; Wells Fargo Bank v Islam, 174 AD3d 670, 672). The plaintiff failed to raise a triable issue of fact in opposition.
In light of our determination that the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her was properly granted, the Supreme Court properly denied, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant.
The plaintiff's remaining contentions need not be reached.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court