Yudkin v Evergreen Terrace 888 Corp. (2025 NY Slip Op 03223)

Yudkin v Evergreen Terrace 888 Corp.

2025 NY Slip Op 03223

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2022-10537
 (Index No. 521722/20)

[*1]Bryan Yudkin, appellant, 
v
Evergreen Terrace 888 Corp., et al., defendants, Edward Doran, et al., respondents.

Bergstein Flynn Knowlton & Pollina PLLC, New York, NY (Bradley Pollina of counsel), for appellant.
Jared Rich, Brooklyn, NY, for respondent Edward Doran.
The Postlethwaite Law Firm PLLC, New York, NY (Preson J. Postlethwaite of counsel), for respondent 888 Oscar & August, LLC.

DECISION & ORDER
In an action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated October 7, 2022. The order granted the separate motions of the defendant Edward Doran and the defendant 888 Oscar & August, LLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them and denied, as academic, the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the defendant Edward Doran with the summons with notice.
ORDERED that the order is affirmed, with one bill of costs.
As alleged in the amended complaint, in January 2012, the plaintiff entered into a contract with the defendant Evergreen Terrace 888 Corp. (hereinafter Evergreen), the sponsor of an offering plan to convert a rental building in Brooklyn to a condominium building, to purchase a unit in the building. The plaintiff tendered a down payment of $11,000 in connection with the contract. On April 15, 2013, Evergreen's broker informed the plaintiff that the building was going to remain a rental building and agreed to return the plaintiff's down payment. In an email dated April 22, 2013, the defendant Edward Doran, a principal of Evergreen, informed the plaintiff that Evergreen had decided to keep the building as a rental building due to "sign off issues and appraisal issues." In June 2014, Evergreen sold the building to the defendant 888 Oscar & August, LLC (hereinafter 888 Oscar), and another entity. On August 11, 2014, Evergreen officially abandoned its offering plan for the condominium conversion.
In November 2020, the plaintiff commenced this action to recover damages for breach of contract and fraud against, among others, Doran and 888 Oscar. Doran and 888 Oscar separately moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them on the ground, among others, that it was barred by the statute of limitations. The plaintiff opposed the motions and cross-moved pursuant to CPLR 306-b to extend the time to serve Doran with the summons with notice. In an order dated October 7, 2022, the Supreme Court granted the [*2]separate motions of Doran and 888 Oscar and denied, as academic, the plaintiff's cross-motion. The plaintiff appeals.
"A defendant who moves to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired" (Lautman v 2800 Coyle St. Owners Corp., 223 AD3d 658, 659-660 [internal quotation marks omitted]; see Kaul v Brooklyn Friends Sch., 220 AD3d 939, 940-941). "The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period" (Lautman v 2800 Coyle St. Owners Corp., 223 AD3d at 660; see Plaza Invs. v Capital One Fin. Corp., 165 AD3d 853, 854).
A cause of action sounding in breach of contract is governed by a six-year statute of limitations (see CPLR 213[2]), which "begins at the time of the breach, even when no damage occurs until later, and even though the injured party may be ignorant of the existence of the wrong or injury" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 666; see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402). Here, Doran and 888 Oscar established, prima facie, that the cause of action alleging breach of contract was time-barred, since this action was commenced more than six years after the alleged breach occurred in April 2013 (see CPLR 213[2]; Kaul v Brooklyn Friends Sch., 220 AD3d at 941). In opposition, the plaintiff failed to raise a question of fact.
A cause of action based upon fraud must be commenced within six years from the time of the fraud or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer (see CPLR 213[8]; Seidenfeld v Zaltz, 162 AD3d 929, 934). Here, Doran and 888 Oscar established, prima facie, that the cause of action alleging fraud was time-barred. The plaintiff did not commence this action until November 2020, more than six years after the alleged fraud and more than two years after the plaintiff possessed knowledge of facts from which the alleged fraud could have been discovered with reasonable diligence (see Kotlyarsky v Abrazi, 188 AD3d 853, 855; Coleman v Wells Fargo & Co., 125 AD3d 716, 716-717). In opposition, the plaintiff failed to raise a question of fact.
Contrary to the plaintiff's contention, the continuing wrong doctrine is inapplicable here to toll the statute of limitations. That doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct. The distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs" (Blaize v New York City Dept. of Educ., 205 AD3d 871, 874 [citations and internal quotation marks omitted]). Here, Evergreen's official abandonment on August 11, 2014, of its offering plan for the condominium conversion was predicated entirely on the alleged wrong of the earlier misrepresentations made to the plaintiff, and therefore, the continuing wrong doctrine does not apply (see Fricke v Beauchamp Gardens Owners Corp., 222 AD3d 718, 720).
Accordingly, the Supreme Court properly granted the separate motions of Doran and 888 Oscar pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them and properly denied, as academic, the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve Doran with the summons with notice.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court