Lam Hong Chan v New York Life Ins. & Annuity Corp. (2025 NY Slip Op 04893)

Lam Hong Chan v New York Life Ins. & Annuity Corp.

2025 NY Slip Op 04893

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2022-04688
 (Index No. 716645/21)

[*1]Lam Hong Chan, appellant, 
v
New York Life Insurance and Annuity Corporation, et al., respondents.

Kevin Kerveng Tung, P.C., Flushing, NY (Kevin K. Tung of counsel), for appellant.
Greg T. Lembrich, New York, NY, for respondent New York Life Insurance and Annuity Corporation.
Wood, Smith, Henning & Berman LLP, White Plains, NY (Raizza M. Chu and Jared K. Levy of counsel), for respondent Nancy K. Cheng.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered June 7, 2022. The order, insofar as appealed from, granted the defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In April 2008, the plaintiff purchased an income annuity contract from the defendant New York Life Insurance and Annuity Corporation (hereinafter New York Life) which named only the plaintiff's mother as an annuitant. Following the annuitant's death in April 2020, New York Life ceased making monthly income payments. In July 2021, the plaintiff commenced this action against New York Life and its agent, the defendant Nancy K. Cheng, inter alia, to recover damages for fraud and misrepresentation. The complaint alleged that the plaintiff had submitted an application to Cheng for a joint-life annuity and had purchased the annuity in reliance on Cheng's representation that the contract was for a joint-life annuity pursuant to which the plaintiff could name a new annuitant upon her mother's death. The complaint further alleged that Cheng thereafter unilaterally executed an amendment to the plaintiff's application and wrongly delivered a single-life annuity contract to the plaintiff without the plaintiff's knowledge or consent.
In October 2021, New York Life and Cheng separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. In an order entered June 7, 2022, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
The Supreme Court properly granted, pursuant to CPLR 3211(a)(5), the defendants' separate motions which were to dismiss the complaint insofar as asserted against each of them. "'On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the burden of [establishing], prima facie, that the time in which to sue has expired'" (Filasky v Andover Cos., 230 AD3d 1297, 1298, quoting Morrow v [*2]Vibration Mountings & Controls, Inc., 223 AD3d 736, 737-738; see Edem v Wondemagegehu, 175 AD3d 466, 466). "'If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period'" (Kotlyarsky v Abrazi, 188 AD3d 853, 854, quoting Barry v Cadman Towers, Inc., 136 AD3d 951, 952). "Actions based on fraud are subject to the statute of limitations of 'the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it'" (Kotlyarsky v Abrazi, 188 AD3d at 854, quoting CPLR 213[8]; see Matter of Hersh, 198 AD3d 766, 769; Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 939-940).
Here, the defendants met their burden of establishing, prima facie, that the time in which to commence the action had expired. The defendants' submissions demonstrated that the plaintiff was aware of the facts underlying her allegations as of April 22, 2008, when she executed a policy receipt for the subject annuity which provided for a single-life annuity, naming only the plaintiff's mother as the annuitant with no election for a joint-annuitant. The plaintiff did not commence this action until July 2021, more than 13 years later (see CPLR 213[8]; Matter of Hersh, 198 AD3d at 769; Kotlyarsky v Abrazi, 188 AD3d at 854; see also Santiago v 1370 Broadway Assoc., 96 NY2d 765, 767). In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable (see Kotlyarsky v Abrazi, 188 AD3d at 854; Jacobson Dev. Group, LLC v Yews, Inc., 174 AD3d 868, 869).
The plaintiff's remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court