Franco v Farr (2025 NY Slip Op 04880)

Franco v Farr

2025 NY Slip Op 04880

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2022-09683
 (Index No. 31877/20)

[*1]Lana Franco, et al., appellants,
vToni-Ann Farr, etc., et al., respondents.

Feerick Nugent MacCartney, PLLC, South Nyack, NY (Donald J. Feerick, Jr., Matthew W. Lizotte, and Christopher B. Pavlacka of counsel), for appellants.
Daniel E. Bertolino, P.C., New City, NY (Laurie A. Dorsainvil of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and fraud, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated November 10, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross-motion for summary judgment on the complaint and to strike an affidavit of corrections to the transcript of the deposition testimony of the defendant Toni-Ann Farr.
ORDERED that the order is affirmed, with costs.
In May 2020, the plaintiffs, Lana Franco and Dana Navan, who are sisters, commenced this action, inter alia, to recover damages for breach of fiduciary duty and fraud, alleging that their other sisters, the defendants Toni-Ann Farr and Jonna Galasso (who, upon her death, was substituted as a defendant in this action by Farr as Galasso's personal representative), wrongfully exercised control over the defendant J-L-T-D, Inc. (hereinafter JLTD), a family real estate business, and misappropriated its asset, real property located in Orangeburg, to the detriment of the plaintiffs. The plaintiffs alleged that they are equal shareholders of JLTD, which was formed in 1989 and acquired the property via a deed dated January 12, 1990. In August 1999, JLTD conveyed title to the property to Farr and Galasso, allegedly without the plaintiffs' authorization. The plaintiffs alleged that they did not learn of this transfer until September 2018, after probate proceedings were commenced to settle their parents' estates.
Thereafter, the defendants moved for summary judgment dismissing the complaint as time-barred, arguing, among other things, that the applicable statute of limitations accrued as of the August 1999 transfer. The plaintiffs opposed the defendants' motion and cross-moved for summary judgment on the complaint on the ground that they demonstrated, as a matter of law, inter alia, that each sister had an equal ownership interest in JLTD, and to strike Farr's affidavit of corrections to the transcript of her deposition testimony. In an order dated November 10, 2022, the Supreme Court, without addressing the defendants' statute of limitations contentions, granted the defendants' motion on the ground that the defendants demonstrated, as a matter of law, that the plaintiffs did not have any ownership interest in JLTD and denied the plaintiffs' cross-motion. The [*2]plaintiffs appeal. We affirm, albeit on different grounds.
"A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850; see Weinberg Real Estate Affiliates, LLC v Weinberg, 231 AD3d 775, 776). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Kotlyarsky v Abrazi, 188 AD3d 853, 854).
A cause of action based on fraud must be commenced within six years from the date the cause of action accrued or within two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it (see CPLR 213[8]; Lipszyc v Lipszyc, 221 AD3d 992, 994). "'Where a [nonmoving party] relies upon the two-year discovery exception to the six-year limitations period, the burden of establishing that the fraud could not have been discovered prior to the two-year period . . . rests on the [party] who seeks the benefit of the exception'" (Parizat v Meron, 231 AD3d 736, 741, quoting Cannariato v Cannariato, 136 AD3d 627, 627; see Pare v Pare, 222 AD3d 765, 768). Although the question of whether a plaintiff could have discovered the alleged fraud with reasonable diligence is ordinarily a mixed question of law and fact, summary dismissal is appropriate where it conclusively appears the plaintiff had knowledge of facts from which the fraud could be reasonably inferred (see Weinberg Real Estate Affiliates, LLC v Weinberg, 231 AD3d at 777; Seidenfeld v Zaltz, 162 AD3d 929, 936). "Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute" (Lipszyc v Lipszyc, 221 AD3d at 994). However, "a plaintiff may not shut his [or her] eyes to facts which call for investigation" (Cannariato v Cannariato, 136 AD3d at 628 [internal quotation marks omitted]).
Here, the defendants demonstrated, prima facie, that the alleged fraudulent transfer of the property in 1999 occurred more than six years prior to the commencement of this action (see Kotlyarsky v Abrazi, 188 AD3d at 855). In opposition, the plaintiffs failed to establish that the action was timely commenced under the two-year discovery exception (see Pare v Pare, 222 AD3d at 769; Kotlyarsky v Abrazi, 188 AD3d at 854-855). Although the plaintiffs alleged that they did not discover the alleged fraud until the probate proceeding in 2018, Navan testified during her deposition that she was denied access to the records for JLTD, and she averred in an affidavit that the defendants defrauded, schemed, and misused property for many years. Thus, the plaintiffs had knowledge of facts that should have caused them to inquire and discover the alleged fraud with reasonable diligence (see Pare v Pare, 222 AD3d at 769). Accordingly, the plaintiffs failed to meet their burden to establish that they could not have discovered the fraud more than two years prior to commencing this action in 2020 (see id.).
The defendants demonstrated, prima facie, that the plaintiffs' first and third through sixth causes of action were also time-barred (see CPLR 213[1]; 214[3]; Schulman v Schulman Family Enters., 222 AD3d 898, 899). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court properly granted dismissal of the plaintiffs' seventh cause of action, seeking injunctive relief, as the defendants demonstrated, prima facie, that monetary damages would be adequate compensation and the plaintiffs failed to raise a triable issue of fact in opposition (see Aponte v Estate of Aponte, 172 AD3d 970; Swartz v Swartz, 145 AD3d 818, 829).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court