Castaldo v 1848 Realty, Inc. (2025 NY Slip Op 04869)

Castaldo v 1848 Realty, Inc.

2025 NY Slip Op 04869

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-03943
 (Index No. 525784/22)

[*1]Kathleen Castaldo, appellant, 
v
1848 Realty, Inc., respondent.

David J. Gold, P.C., New York, NY, for appellant.
Turck Law, P.C., New York, NY (Shawn A. Turck of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to set aside allegedly fraudulent conveyances of real property and for a judgment declaring the conveyances to be null and void, the plaintiff appeals from an order of the Supreme Court, Kings County (Sharon A. Bourne-Clarke, J.), dated January 10, 2024. The order denied the plaintiff's motion for leave to enter a judgment declaring certain conveyances of real property to be null and void and granted the defendant's cross-motion, among other things, pursuant to CPLR 3211(a) to dismiss the complaint, pursuant to CPLR 6514 to cancel a notice of pendency, and, in effect, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff.
ORDERED that the order is affirmed, with costs.
On September 6, 2022, the plaintiff commenced this action against the defendant, 1848 Realty, Inc., inter alia, to set aside allegedly fraudulent conveyances of real property located in Brooklyn (hereinafter the property) and for a judgment declaring the conveyances to be null and void. The plaintiff alleged that she sustained personal injuries on October 5, 2010, and was thereafter successful in a personal injury action against Pedro Fernandez and Benita Fernandez, also known as Benita Maria Hernandez de Fernandez (hereinafter together the Fernandezes). In June 2017, a judgment was entered in favor of the plaintiff and against the Fernandezes in the total sum of $267,525, which remained unpaid. The plaintiff further alleged that, in 2010, the Fernandezes owned the property but that they transferred the property to 1848 65th Street, LLC, by deed dated May 22, 2014. Thereafter, by deed dated September 18, 2014, 1848 65th Street, LLC, transferred the property to the defendant. The plaintiff alleged that both conveyances were made without fair consideration and with the intent to hinder, delay, and defraud the Fernandezes' creditors, including the plaintiff.
On February 6, 2023, the plaintiff moved for leave to enter a judgment declaring the conveyances of the property to be null and void. The defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint, pursuant to CPLR 6514 to cancel a notice of pendency, and, in effect, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff. By order dated January 10, 2024, the Supreme Court denied the motion and granted the cross-motion. The plaintiff appeals.
"A defendant who seeks dismissal of a complaint on the ground that it is barred by [*2]the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired. The burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations or whether the statute of limitations has been tolled" (Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 904 [internal quotation marks omitted]; see Costello v Curan & Ahlers, LLP, 224 AD3d 734, 736). The statute of limitations for actions based upon fraud is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213[8]; see Kotlyarsky v Abrazi, 188 AD3d 853, 854; Abele Tractor & Equip. Co., Inc. v Balfour, 133 AD3d 1171, 1171).
Here, the allegedly fraudulent conveyances took place on May 22, 2014, and September 18, 2014, respectively. Public records available to the plaintiff since 2014 gave notice of the conveyances. This action was commenced on September 6, 2022, nearly eight years after the second conveyance. Under the circumstances, the defendant established, prima facie, that the action was time-barred, and the plaintiff failed to raise a triable issue of fact in opposition (see Financial Assistance, Inc. v Graham, 191 AD3d 952, 955; Kotlyarsky v Abrazi, 188 AD3d at 854-855; Island Holding, LLC v O'Brien, 6 AD3d 498, 499-500). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
Upon granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 6514 to cancel the notice of pendency filed against the property (see Special Corp. v 3RF, LLC, 230 AD3d 527, 530; Chic Realty 712, LLC v GSA Holding Corp., 220 AD3d 914, 917).
Courts have discretion to award costs or impose financial sanctions against a party or attorney in a civil action for engaging in frivolous conduct (see 22 NYCRR 130-1.1[a], [b]; Industry LIC Condominium v Hudes, 200 AD3d 761, 761). Conduct is frivolous if (1) it is completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, (2) it is undertaken primarily to delay resolution of the litigation, or (3) it asserts material factual statements that are false (see 22 NYCRR 130-1.1[c]; Whelan v Busiello, 219 AD3d 778, 780-781). Under the particular circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was, in effect, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff for frivolous conduct, inter alia, related to commencing a prior, very similar action (see Whelan v Busiello, 219 AD3d at 780-781; Matter of Diontae B.P. [Jil P.], 215 AD3d 681, 683).
The defendant's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court