Matter of Jaloza v New York City Dept. of Educ. (2025 NY Slip Op 06320)

Matter of Jaloza v New York City Dept. of Educ.

2025 NY Slip Op 06320

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-11126
 (Index No. 706616/23)

[*1]In the Matter of Jeriann Jaloza, appellant,
v
New York City Department of Education, et al., respondents.

Gibson Law Firm, PLLC, Ithaca, NY (Sujata S. Gibson of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Melanie T. West, and Chase Henry Mechanick of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, to recover damages for employment discrimination on the basis of religion and disability in violation of the New York State Human Rights Law, the New York City Human Rights Law, and the New York State Constitution, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered July 24, 2023. The order and judgment granted the cross-motion of the respondents/defendants pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with costs.
In March 2023, the petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding against the New York City Department of Education (hereinafter the DOE) and the City of New York (hereinafter together the City respondents) pursuant to CPLR article 78 to review a determination of the DOE to terminate her employment as a tenured teacher and action, inter alia, to recover damages for employment discrimination on the basis of religion and disability in violation of the New York State Human Rights Law, the New York City Human Rights Law, and the New York State Constitution.
In June 2023, the City respondents cross-moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint on the grounds, among others, that the cause of action challenging the DOE's determination was time-barred and the remaining causes of action were barred by the petitioner's failure to timely serve a notice of claim. The petitioner opposed. In an order and judgment entered July 24, 2023, the Supreme Court granted the cross-motion of the City respondents and dismissed the proceeding/action. The petitioner appeals.
"A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (Matter of Andrews v Incorporated Vil. of Freeport, 221 AD3d 809, 810; see St. John's Riverside Hosp. v City of Yonkers, 151 AD3d 786, 788). "In order for an agency determination to be deemed final and [*2]binding, first, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Andrews v Incorporated Vil. of Freeport, 221 AD3d at 810-811 [alteration and internal quotation marks omitted]; see Matter of McCrory v Village of Mamaroneck Bd. of Trustees, 230 AD3d 786, 789). "A determination generally becomes binding when the aggrieved party is notified" (Rock v New York City Employees' Retirement Sys., 231 AD3d 979, 982 [internal quotation marks omitted]; see Matter of Baker v Stanford, 183 AD3d 889, 890).
Here, the City respondents established that the petition was time-barred as it was filed more than four months after the petitioner was notified of the determination to terminate her employment. The City respondents submitted copies of documents sent to them by the petitioner and her email correspondence with the City respondents, which showed the date the petitioner was informed of the DOE's determination (see Matter of Munro v New York City Human Resources Admin., Off. of Child Support Enforcement, 221 AD3d 904, 906; Matter of Andrews v Incorporated Vil. of Freeport, 221 AD3d at 811). In opposition, the petitioner failed to raise a question of fact as to the statute of limitations. The petitioner's contention on appeal that she was not "unambiguously terminated" until December 8, 2022, was conclusory and without record support (see Matter of Davis v Peterson, 254 AD2d 287, 287).
Accordingly, the petition was properly dismissed as untimely (see Matter of Walshe v New York State Unified Ct. Sys. Off. of Ct. Admin., 230 AD3d 507, 508; Matter of Imandt v New York State Unified Ct. Sys., 168 AD3d 1051, 1053).
The causes of action alleging violations of the New York State Human Rights Law and the New York City Human Rights Law insofar as asserted against the DOE were also properly dismissed, albeit on grounds different than those relied upon by the Supreme Court (see Franco v Farr, ____ AD3d ____, ____, 2025 NY Slip Op 04880, *2; Bank of N.Y. Mellon v Greene, 210 AD3d 1042, 1043). A condition precedent to maintaining an action against the DOE requires that a notice of claim be served upon a school district within three months from accrual of the claim (see Education Law § 3813(1); see also Munro v Ossining Union Free School Dist., 55 AD3d 697, 698). Here, the City respondents established that the petitioner failed to timely serve a notice of claim within three months of the determination to terminate her employment (see Education Law § 3813[1]; Moore v Middletown Enlarged City School Dist., 57 AD3d 746, 748). In opposition, the petitioner failed to raise a question of fact nor did she demonstrate that an exception to the notice of claim requirement—commencing a proceeding to vindicate a public interest in the enforcement of a public right—was somehow applicable here (see Matter of McGovern v Mount Pleasant Cent. Sch. Dist., 114 AD3d 795, 796, affd 25 NY3d 1051).
The Supreme Court also properly dismissed the causes of action alleging violations of the New York State Human Rights Law and the New York City Human Rights Law insofar as asserted against the City.
On a motion to dismiss for failure to state a cause of action a court must accept "the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88). Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one (see Margarita v Mountain Time Health, LLC, 240 AD3d 584, 585).
Here, the petitioner's conclusory assertions that the City respondents discriminated against her based on her religion and disability were unsupported by factual allegations sufficient to sustain a cause of action under either the New York State Human Rights Law or the New York City Human Rights Law (see Shahid v City of New York, 231 AD3d 888, 888). Moreover, the petitioner failed to show that the City respondents did not engage in a cooperative dialogue with [*3]regard to her accommodation requests (see Walrond v New York City Health & Hosps. Corp., 240 AD3d 933, 935).
The Supreme Court also properly dismissed the cause of action alleging violations of the New York State Constitution. Since the petitioner could and did pursue causes of action for discrimination based on religion and disability pursuant to the New York City Human Rights Law and the New York State Human Rights Law, no cause of action alleging violations of the New York State Constitution was available (see Peterec v State of New York, 124 AD3d 858, 859).
In light of our determination, the parties' remaining contentions need not be reached.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court